IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ELEANOR TURNAGE                                              PLAINTIFF

VS.                              CIVIL ACTION NO. 3:17-cv-373(DCB)(LRA)

GENERAL MOTORS LLC                                           DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Defendant General Motors LLC ("GM")'s Motion to Dismiss or, in the Alternative, Motion for Summary Judgment **(docket entry 2)**; on the Plaintiff Eleanor Turnage ("Turnage")'s Motion for Leave to File Amended Complaint **(docket entry 13)**; and on plaintiff Turnage's Motion for Discovery **(docket entry 14)**. Having carefully considered the parties' motions and responses, the parties' memoranda and supporting statutory and case law, as well as the record in this case, and being fully advised in the premises, the Court finds that before addressing the parties' motions, it must first address the issue of whether it can exercise removal jurisdiction over this case. The Court further finds as follows:

On March 10, 2017, Turnage filed a Complaint in the Circuit Court of Rankin County, Mississippi, alleging various claims arising from a motor vehicle accident that occurred in December of 2012. (Docket entry 1, doc.1). According to GM's Notice of Removal (docket entry 1), Turnage served the defendant on April 19, 2017. (Docket entry 1, ¶ 7). The Notice of Removal was timely

filed on May 17, 2017.[1]

A district court enjoys diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a). The amount in controversy is determined at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). If a defendant establishes "by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount," a plaintiff may defeat removal only by establishing to a legal certainty that his or her recovery will not exceed the statutory threshold. In re 1994 Exxon Chem. Fire, 558 F.3d at 378, 387 (5th Cir. 2009)(quotation marks and citation omitted).

Courts generally begin the amount-in-controversy analysis by "look[ing] only to the face of the complaint and ask[ing] whether the amount in controversy exceeds" the jurisdictional threshold.

---

[1] 28 U.S.C. § 1446(a) provides that "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

28 U.S.C. § 1446(b)(1) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

Ervin v. Sprint Communications Co. LP, 364 F. App'x 114, 117 (5th Cir. 2010)(quoting S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492 (5th Cir. 1996)). In the case sub judice, the ad damnum clause of the Plaintiff's Complaint states that she seeks "compensatory damages against the Defendant in an amount [to be] proven at trial, punitive damages against the Defendant in an amount [to be] proven at trial, pre-judgment and post-judgment interest, attorney's fees, costs and expenses, and all other relief to which the Plaintiff is entitled, both general and special." The ad damnum clause does not specify the amount of damages sought.

When, as in the case sub judice, a complaint does not allege a specific amount of damages, "the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount"; in this analysis, the court may rely on "summary judgment-type" evidence to determine the amount in controversy. Garcia v. Koch Oil Co. of Texas, Inc., 351 F.3d 636, 638-39 (5th Cir. 2003); see also St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998)(citations omitted); De Aguilar v. Boeing Co., 11 F.3d 55, 57-58 (5th Cir. 1993).

In its Notice of Removal, GM simply recites that this action "is of a civil nature at law whereby the Plaintiff seeks to recover damages in excess of $75,000 from the Defendant, exclusive of interest and costs." (Docket entry 1, ¶ 2). The Defendant does

3

not show that it is facially apparent from the Complaint that the Plaintiff's claims are likely to exceed the jurisdictional amount; nor does the Defendant support federal jurisdiction by setting forth facts that support a finding of the requisite jurisdictional amount.

The Court notes that the Plaintiff has not filed a Motion to Remand, nor has she indicated that her claimed damages do not meet the amount in controversy. Nevertheless, as the party invoking federal jurisdiction, GM bears the burden of establishing the amount in controversy by a preponderance of the evidence, and it must set forth facts beyond the Complaint to establish federal jurisdiction.

In <u>Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia v. Dow Quimica de Colombia, S.A.</u>, 988 F.2d 559 (5th Cir. 1993), the Fifth Circuit held that "at least where the following circumstances are present, [the removing party's burden of establishing diversity jurisdiction] has not been met: (1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above [$75,000.00]; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiff's claims; and (3) the plaintiffs timely contested <u>with a sworn, unrebutted affidavit</u> indicating that the requisite amount in controversy was not

present." (emphasis added). The presence of a binding affidavit submitted by the plaintiff that limits her ability to recover more than the jurisdictional amount would, if offered, place this case squarely within Dow Quimica's holding.[2] See also Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000)(holding that post-removal affidavits can be considered in determining the amount in controversy if jurisdiction is ambiguous at the time of removal); In re Norplant Contraceptive Prods. Liability Litigation, 918 F.Supp. 178, 179 (E.D. Tex. 1996)(holding that a plaintiff can defeat removal by filing a binding affidavit with her complaint stating that she will not seek or accept more than the jurisdictional amount). Thus, if so inclined, the Plaintiff may easily establish this Court's lack of jurisdiction by submitting an affidavit.

The Court does not speculate as to whether the jurisdictional amount is present in this case. In the absence of an affidavit

---

[2] Basing a decision to remand upon a post-removal affidavit would not run afoul of St. Paul's rule which prohibits a plaintiff from defeating federal jurisdiction by amending his complaint after removal, although some courts have held otherwise. See Matter of Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992)(holding that once a defendant removes a case, St. Paul makes later filings irrelevant); Unified Catholic Schools of Beaver Dam Educ. Ass'n v. Universal Card Servs. Corp., 34 F.Supp.2d 714, 718-19 (E.D. Wis. 1999). The Seventh Circuit decision, however, does not address a situation where the amount in controversy was initially ambiguous as presented in the complaint. In such a case, a post-removal affidavit would not be altering the amount in controversy, but would rather be clarifying it. See Cross v. Blue Helmets, USA, 927 F.Supp. 209, 214 (E.D. Tex. 1996)("Damage stipulations filed before a federal district court has passed upon its determination of jurisdiction are permissible if they clarify as opposed to amend an original petition.").

from the plaintiff stating that she will not seek, nor will she accept, more than $75,000.00 exclusive of interest and costs, the parties will be required to produce to the Court all evidence that they have as to known and ascertainable damages that the plaintiff is claiming in the present suit. Additionally, if there is no affidavit, the parties shall provide the Court with a detailed description of the full extent of Turnage's alleged injuries. After such evidence has been produced, the Defendant will then have the opportunity to demonstrate to the Court why federal diversity jurisdiction is proper over this action.

Finally, the Court notes that Count V of the Plaintiff's Complaint alleges a violation of the Magnuson-Moss Warranty Act ("MMWA"). State and federal courts have concurrent jurisdiction over claims brought pursuant to the MMWA. Section 2310(d)(3)(B) of the MMWA provides that no claim is cognizable under the MMWA in federal court unless the amount in controversy is at least $50,000.00. 15 U.S.C. § 2310(d)(3)(B). As with her other claims, the Plaintiff offers only vague jurisdictional facts, alleging that the Defendant "breached [its] implied warranties in that the Plaintiff's 2010 Chevrolet Traverse was defective", and "[a]s a direct and proximate result of said breach, the Plaintiff has suffered damages including but not limited to personal injuries, damage to her 2010 Chevrolet Traverse, and economic losses all in an amount to be proven at trial." (Docket entry 1, doc.1 ¶¶ 59-

60).

Also as with her other claims, the Plaintiff is entitled to file a binding affidavit that limits her ability to recover more than $50,000.00, the jurisdictional amount applicable to MMWA claims in federal court. In the absence of such an affidavit, the parties will be required to produce to the Court all evidence that they have as to known and ascertainable damages that the plaintiff is claiming in her MMWA claim. Additionally, if there is no affidavit, the parties shall provide the Court with a detailed description of the full extent of Turnage's alleged injuries applicable to the MMWA claim. After such evidence has been produced, the Defendant will then have the opportunity to demonstrate to the Court why federal diversity jurisdiction is proper over the MMWA claim.

Based on the reasoning and authority set forth above, the Court finds that there is insufficient evidence as to what the actual amount in controversy is in this case. Therefore, the Court requires more information from the parties before it can rule on the jurisdictional issue. Accordingly,

IT IS HEREBY ORDERED that the Plaintiff has five (5) days from entry of this Order to file a Notice to this Court indicating whether or not she intends to submit a binding affidavit limiting her recovery from the defendant to less than $75,000.00 exclusive of interest and costs (as to all claims except the MMWA claims);

FURTHER ORDERED that the Plaintiff also has five (5) days from entry of this Order to file a Notice to this Court indicating whether or not she intends to submit a binding affidavit limiting her recovery from the Defendant to less than $50,000.00 exclusive of interest and costs (as to her MMWA claims);

FURTHER ORDERED that if the Plaintiff indicates in her Notice or Notices that she will not file a binding affidavit or affidavits limiting her recovery below the jurisdictional amount(s) of this Court ($50,000.00 as to the MMWA claim, and $75,000.00 as to the remaining claims), then both parties shall produce evidence to this Court within ten (10) days of service of such Notice, demonstrating all known and ascertainable damages which the Plaintiff may seek in this case, including descriptions of the extent of Turnage's injuries and all medical expenses that she has incurred as a result of the December 2012 motor vehicle accident (allocating the injuries and medical expenses as applicable to (1) the MMWA claim and (2) the remaining claims accordingly);

FURTHER ORDERED that the Defendant has seven (7) days from the service of the Plaintiff's response to show cause to this Court why it has subject matter jurisdiction and why this case as a whole (or, in the alternative, either the Plaintiff's MMWA claims or the Plaintiff's remaining non-MMWA claims) should not be remanded to the Circuit Court of Rankin County, Mississippi;

FURTHER ORDERED that because the jurisdictional issues

discussed herein must be decided preliminarily to the exercise of removal jurisdiction by this Court, Defendant GM's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment **(docket entry 2),** Plaintiff Turnage's Motion for Leave to File Amended Complaint **(docket entry 13)**, and Plaintiff Turnage's Motion for Discovery **(docket entry 14)** are DENIED WITHOUT PREJUDICE.

SO ORDERED, this the 6th day of September, 2017.

                                          <u>/s/ David Bramlette       </u>
                                          UNITED STATES DISTRICT JUDGE