**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ELEANOR TURNAGE**                                                  **PLAINTIFF**

**V.**                                             **CAUSE NO. 3:17-cv-373-DCB-MTP**

**GENERAL MOTORS LLC**                                    **DEFENDANT**

**OPINION AND ORDER**

This Cause is before the Court on the Court's Order **[Doc. No. 25]** that the Defendant, General Motors LLC ("GM"), show cause to the Court why it has subject-matter jurisdiction, and why the case should not be remanded to the Circuit Court of Rankin County, Mississippi. Having considered the parties' jurisdictional memoranda, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

**I. BACKGROUND**

The airbags in Plaintiff Eleanor Turnage's GM-manufactured Chevrolet Traverse failed to deploy when her car collided with another. Turnage sued GM in the Circuit Court of Rankin County for personal injury and property damages caused by the car's defective airbag system. GM removed the case to this Court, invoking diversity jurisdiction. After reviewing Turnage's Complaint and GM's Notice of Removal, the Court ruled that the amount-in-controversy was unclear, and ordered the parties to brief the issue.

First, the Court ordered Turnage to state whether she intends to file an affidavit limiting her recovery to below the jurisdictional thresholds for diversity jurisdiction and for Magnuson-Moss Warranty Act ("MMWA" or "Act") jurisdiction. See St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1254 n. 18 (5th Cir. 1998). Turner replies that she will not submit an affidavit limiting her recovery. [Doc. No. 29]

Second, the Court ordered Turnage to outline her damages. [Doc. No. 25, p. 8] In response, Turnage explains that she asks for "all damages to which she is entitled" under the MMWA, $3,000 in medical expenses, $150,000 in lost income, and $1 million in "other damages." [Doc. No. 35, ¶¶4-7]

Third, the Court ordered GM to explain why the Court has subject-matter jurisdiction. And more specifically, the Court asked GM for evidence that Turnage claims damages exceeding the jurisdictional thresholds of the diversity statute and of the MMWA. In reply, GM points to Turnage's initial disclosures as evidence that the amount-in-controversy is met — at least as to Turnage's state-law claims. [Doc. No. 36, ¶5] In particular, GM touts Turnage's request for $150,000 in lost wages and $1 million in "other damages." [Doc. No. 35, ¶¶4-6]

Turnage's MMWA claim is more difficult to value. And on that claim, GM offers less compelling proof that the amount-in-

2

controversy is met. GM relies on Turnage's vague request for "all damages to which she is entitled" under the Act. [Doc. No. 35, ¶11] But if the Court finds less than $50,000 is in controversy on the MMWA claim, GM asks the Court to exercise supplemental jurisdiction over it. [Doc. No. 35, ¶12]

## II. DISCUSSION

The Court has jurisdiction of civil suits between parties of diverse citizenship and in which more than $75,000 is in controversy. 28 U.S.C. § 1332(a)(1). Turnage and GM are diverse, so jurisdiction turns on the amount-in-controversy.

The amount-in-controversy is what Turnage claims, not what she is "likely to win or be awarded." Robertson v. Exxon Mobil Corp., 814 F.3d 236, 240 (5th Cir. 2015). And the Court views the amount-in-controversy as of the time GM removed this case from the Rankin County Circuit Court. Gebbia v. Wal-Mart Stores, 233 F.3d 880, 883 (5th Cir. 2000); Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount-in-controversy is met when the plaintiff's complaint asks for sum that exceeds it. In such cases, that sum controls unless it appears to a legal certainty that the claim is for a lesser amount. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287-88 (1938).

But Turnage's Complaint does not ask for a specific sum. Thus, GM must prove by a preponderance of the evidence that the amount-in-controversy exceeds the jurisdictional minimum. De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993). It may do so two ways.

First, GM may direct the Court to the Complaint —— asking the Court to find the amount-in-controversy "facially apparent." White v. FCI USA, Inc., 319 F.3d 672, 675 (5th Cir. 2003) (internal quotations and citations omitted). Second, GM may present "summary-judgment-type" evidence showing that the amount-in-controversy is met. Scarlott v. Nissan North America, Inc., 771 F.3d 883, 888 (5th Cir. 2014).

The Court has already ruled that the amount-in-controversy is not clear from Turnage's Complaint. [Doc. No. 25, p. 4] The Court therefore relies on the "summary-judgment-type" evidence offered by Turnage and GM. Scarlott, 771 F.3d at 888.

For analytical purposes, the Court sets Turnage's state-law claims apart from her MMWA claims. The distinction is artificial but necessary: The Act has its own $50,000 amount-in-controversy requirement. See 15 U.S.C. § 2310(d)(3)(B). And the damages recoverable under the MMWA, and so counting towards its amount-in-controversy requirement, differ from the damages recoverable under Turnage's state-law theories. See, e.g., Boelens v. Redman Homes, Inc., 748 F.2d 1058, 1069 (5th Cir. 1984) (personal injury

damages not recoverable under MMWA). The Court therefore addresses the two claim categories and their amount-in-controversy requirements separately.

**A. State-Law Claims**

Turnage complains that the airbags in her Chevrolet Traverse were defective, that GM negligently designed them, and that GM knowingly concealed the defect. She alleges negligence (Count I), fraudulent concealment (Count II), products liability (Count III), and breach of implied warranty (Count IV). [Doc. No. 1-1]

The parties point to Turnage's initial disclosures as proof that Turnage's state-law claims exceed $75,000. The Court may consider Turnage's initial disclosures to determine whether the amount-in-controversy is met. See, e.g., Hitchens v. Doll, 2017 WL 2306411, at *5 (D.N.M. Jan. 25, 2017); Paulmann v. Hodgdon Powder Co., 2014 WL 1664229, at *2 (W.D. Ky. Apr. 25, 2014); Evans & Clesi v. Hartford Ins. Co. of Southeast, 2006 WL 1999201, at *2 (E.D. La. July 17, 2006).

In her initial disclosures, Turnage pinpoints $3,000 in medical bills, $150,000 in lost wages, and $1 million in "other damages." [Doc. No. 30-1, ¶(iii)] The Court accordingly finds that the amount-in-controversy on Turnage's state-law claims exceeds $75,000, and such claims are within the Court's diversity jurisdiction. See 28 U.S.C. § 1332(a)(1).

5

**B. MMWA Claim**

For starters, Turnage alleges that the MMWA applies because the Chevrolet Traverse is a "consumer product," she is a "consumer," and GM is a "supplier" and a "warrantor" under the Act. [Doc. No. 1-1, ¶¶62-64] Turnage also states that GM impliedly warranted that the Traverse was "fit for its ordinary purpose as a safe passenger motor vehicle." [Doc. No. 1-1, ¶65] And GM breached the implied warranty, Turnage concludes, by placing the Traverse on the market with knowledge of the airbag system defect.

Turnage's MMWA claim is within the Court's original jurisdiction if the amount-in-controversy on it exceeds $50,000. See 15 U.S.C. § 2310(d)(3)(B). If Turnage's MMWA claim is not within the Court's original jurisdiction, the Court must determine whether it has supplemental jurisdiction over the claim.

**i). Original Jurisdiction**

The Court first examines the elements of damages it may consider in valuing Turnage's MWMA claim. The MMWA does not say what damages a plaintiff suing under it may recover; so, the Court looks to damages recoverable under state law. See MacKenzie v. Chrysler Corp., 607 F.2d 1162, 1166-67 (5th Cir. 1979). Mississippi law holds that the damages recoverable under the MMWA are those provided by the UCC. Broome v. General Motors, LLC, 145 So. 3d 645, 651 (Miss. 2014).

Under the UCC, Turnage may recover incidental damages and damages equal to "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted." MISS. CODE ANN. § 75-2-714(2)-(3).

Punitive damages also count towards the amount-in-controversy. U.S. Fire Ins. Co. v. Villegas, 242 F.3d 279, 284 (5th Cir. 2001). Punitive damages are recoverable under the MMWA if such damages are recoverable for breach of warranty under state law. Boelens, 748 F.2d at 1069. Mississippi law allows breach of warranty plaintiffs to recover punitive damages "in rare instances." Ciba-Geigy Corp. v. Murphree, 653 So. 2d 857, 867 (Miss. 1994). For example, a plaintiff may recover punitive damages if the defendant acts with malice, is grossly negligent, or evinces a "ruthless disregard for the rights of others." Id. at 867.

Turnage has pleaded a claim for punitive damages and has alleged gross negligence. [Doc. No. 1-1, ¶34] The proper measure of MMWA damages, then, is the diminished value of Turnage's Chevrolet Traverse, plus incidental and punitive damages.

But the parties' papers omit the information necessary to value Turnage's MMWA claim. The parties submit that the retail price of Turnage's Traverse was $31,045.41, yet fail to specify the post-accident condition of the Traverse and, accordingly, its diminished value.

7

The diminished value of the Traverse, plus incidental and punitive damages, may exceed the Act's $50,000 amount-in-controversy requirement. But the parties' briefing overlooks the measure of MMWA damages, and therefore fails to supply the Court with the factual basis required to make that finding. Declining to hold that the MMWA claim is within its original jurisdiction, the Court considers whether it has supplemental jurisdiction over the claim.

### ii). Supplemental Jurisdiction

The Court has jurisdiction over Turnage's MMWA claim if it is "so related" to Turnage's state-law claims that it forms part of the "same case or controversy." 28 U.S.C. § 1367(a); see also Burzlaff v. Thoroughbred Motorsports, Inc., 758 F.3d 841, 845 (7th Cir. 2014); Voelker v. Porsche Cars North America, Inc., 353 F.3d 516, 522 (7th Cir. 2003); Suber v. Chrysler Corp., 104 F.3d 578, 588 n. 12 (3d Cir. 1997); Pierre v. Planet Auto., Inc., 193 F. Supp. 3d 157, 173 (E.D.N.Y. 2016) (concluding that the MMWA amount-in-controversy requirement does not prohibit a district court from exercising supplemental jurisdiction over MMWA claims).

Claims are part of the "same case or controversy" if they share a "common nucleus of operative fact." City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 165 (1997) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)). An "operative"

8

fact is one that "constitutes the transaction or event on which a claim or defense is based." BLACK'S LAW DICTIONARY 670 (9th ed. 2009).

The Court has supplemental jurisdiction over Turnage's MMWA claim because it shares a "common nucleus of operative fact" with the state-law claims over which the Court has original jurisdiction. Indeed, the facts that will shape Turnage's MMWA claim — whether the airbag system was defective, and if so, whether GM knew about the defects yet concealed them — are the same facts underlying Turnage's state-law claims.

## III. CONCLUSION

The Court has original jurisdiction over Turnage's state-law claims because Turnage and GM are diverse, and the amount-in-controversy on those claims exceeds $75,000, exclusive of interest and costs. The parties fail to marshal relevant facts to support a finding that Turnage's MMWA claim meets the Act's jurisdictional threshold. Even so, the Court has supplemental jurisdiction over that claim because it is "so related" to Turnage's state-law claims that it forms part of the "same case or controversy" under Article III of the United States Constitution.

**ACCORDINGLY,**

**IT IS HEREBY ORDERED AND ADJUDGED** that the Court has removal jurisdiction over this case.

SO ORDERED this the 20th day of November, 2017.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE